RYDER, Judge.
E.C., who was adjudicated delinquent, seeks review of an order imposing restitution. We find no error in the lower court’s determination of the amount of restitution owed. We, however, reverse the restitution order and remand for further proceedings because we are unsure whether the written order conforms to the court’s oral finding concerning the amount E.C. is able to pay.
At the hearing, the court found that the victim was entitled to restitution in the amount of $2,534.45. The evidence showed that codefendant G.D. and his mother had the ability to pay $90.00 per month in restitution, and the court ordered that they make this monthly payment. The court then found E.C. had the “ability to pay fifty dollars at the present time_” It held both defendants jointly and severally responsible, reserving the right of the victim to request a judgment for the unpaid balance prior to the conclusion of supervision. The court then stated: “[E.C.] is a flat fifty dollars that he has the ability to pay right now, or within 30 days.”
The written order of restitution, however, states that E.C. “has the ability to pay and shall pay restitution to the victim ... in the amount of $50.00 plus a $2.00 Clerk’s fee for each payment made.” We are concerned that the words “each payment made” may be interpreted to mean that E.C. has been ordered to pay more than the “flat fifty dollars” announced at the hearing. While we agree that E.C. has the ability to make a one-time payment of fifty dollars, the evidence does not support his ability to make any type of recurrent payment. Accordingly, we reverse the order of restitution, and remand to the trial court with directions to enter an order that reflects its oral ruling.
Reversed and remanded.
THREADGILL, C.J., and QUINCE, J., concur.